**BROOKE M., ex rel; STACEY M.; Bruce M., Plaintiffs—Appellants,**

v.

**State of ALASKA DEPARTMENT OF EDUCATION AND EARLY DEVELOPMENT; Roger Sampson, in his official capacity as Commissioner of Education and Early Development, Defendants—Appellees.**

No. 07–35518.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed Aug. 11, 2008.

Megan K. Allison, Esquire, Anchorage, AK, Jacob Kammermeyer, Esquire, Juneau, AK, for Plaintiffs–Appellants.

Stephen C. Slotnick, Esquire, Department of Law, Juneau, AK, for Defendants–Appellees.

Before: D.W. NELSON, TASHIMA and FISHER, Circuit Judges.

### MEMORANDUM *

Brooke M. ("Brooke") receives special education services from the Alaska Gateway School District ("AGSD"), which include periodic speech and language, occupational and physical therapy "related services" sessions. She filed an administrative complaint with the Alaska Department of Education and Early Development ("DEED") claiming that AGSD "failed to provide the minimum on-site monthly ... supervision of those therapies," then required by Alaska regulations. *See* Alaska Admin. Code tit. 4, §§ 52.250(d), 52.252(b) (2006). After conducting an investigation, DEED found that no violations of law had occurred and that no corrective action was required. Brooke brought suit against DEED, claiming that it had violated the supervisory responsibility provisions of the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. §§ 1412(a)(11)(A), 1413(g). Because Brooke did not exhaust administrative remedies, we affirm the district court's dismissal of her complaint.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ We reject DEED's contention that Brooke lacks Article III standing. On a "motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted). Brooke alleged that she was not provided related services supervision in accordance with the state's regulations and standards. She therefore has adequately pled that DEED's conduct deprived her of the free appropriate public education that IDEA guarantees. *See* 20 U.S.C. §§ 1401(9), 1412(a)(1).

■ We agree with DEED, however, that Brooke's failure to pursue a due process hearing cannot be excused. Although administrative exhaustion may be unnecessary when the basis of the IDEA claim is that the "agency has adopted a policy or pursued a practice of general applicability that is contrary to the law," structuring a complaint as a challenge to an alleged policy is not enough. *See Hoeft v. Tucson Unified Sch. Dist.,* 967 F.2d 1298, 1303–04 (9th Cir.1992). DEED expressly concluded that AGSD "provided qualified personnel, training, and supervision of those serving" Brooke and that there was "insufficient evidence to support [her] allegation of noncompliance" with state and federal law. Thus, unlike in *Christopher S. v. Stanislaus County Ofice of Education,* 384 F.3d 1205, 1211 & n. 3, 1213 (9th Cir.2004), it is not an "undisputed fact" that DEED has in effect a "facially unlawful policy" of refusing to enforce district compliance with state educational requirements.

Brooke has not met her burden of establishing that resort to a due process hearing would be futile or inadequate. *See Kutasi v. Las Virgenes Unified Sch. Dist.,* 494 F.3d 1162, 1168 (9th Cir.2007). Should a due process hearing officer find that AGSD had violated the state educational regulations relating to monthly on-site supervision of related services, the hearing officer could order appropriate educational relief. *See id.* at 1169. Accordingly, there remain outstanding educational issues that could be developed—and potentially resolved—in the context of a due process hearing. *See id.*

**AFFIRMED.**